**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3471-18T2

HELENE BORKE,

     Plaintiff-Appellant,

v.

BRIAN LUTHER,

     Defendant-Respondent.

_____

          Submitted December 16, 2019 – Decided February 3, 2020

          Before Judges Fasciale and Mitterhoff.

          On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. SC-001108-17.

          Helene Borke, appellant pro se.

          Respondent has not filed a brief.

PER CURIAM

     In this small claims case, plaintiff appeals from a March 5, 2019 order denying her motion for reconsideration of a January 4, 2019 order denying her

motion to vacate a November 15, 2018 order, which enforced a settlement requiring that she return $2,000 to defendant.[1] Judge Daniel L. Weiss entered the March 5, 2019 order, explaining that plaintiff failed to satisfy the reconsideration standard. The judge reached that conclusion after listening to his reasons for entering the November 15, 2018 order, which are contained in the same-dated transcript. We affirm.

Plaintiff initially filed her complaint for the return of her residential security deposit. Defendant defaulted because the complaint was not served on him, and a judge ordered a turnover in the amount of $2,297.90. After the monies were turned over, defendant moved to vacate the turnover, the parties appeared in court, and on April 19, 2018, the parties utilized a mediator and signed a stipulation of settlement requiring plaintiff to return $2,000 to defendant. The settlement agreement was negotiated by an experienced, certified court mediator, and it "finalized and resolved all issues." The judge told defendant that although he had not filed a counterclaim for the return of the money that was improperly turned over, he was "free to do so if [he] so desire[d]."

On appeal, plaintiff argues:

---

[1] Defendant failed to file a brief. Our opinion renders moot plaintiff's challenges to all other interlocutory orders.

2

POINT I

THE [JUDGE] ERRED IN VACATING PLAINTIFF[']S SECURITY DEPOSIT FROM THE TURN OVER.

POINT II

THE [JUDGE] ERRED IN NOT GRANTING THE PLAINTIFF RELIEF FROM JUDGMENT UNDER THE NEW JERSEY COURT [RULE] 4:50 RELIEF FROM JUDGMENT OR ORDER.

POINT III

THE [JUDGE] ERRED IN NOT GRANTING PLAINTIFF RELIEF FROM JUDGMENT UNDER NEW JERSEY COURT [RULE] 4:50 RELIEF FROM JUDGMENT OR ORDER.

POINT IV

THE [JUDGE] ERRED IN NOT ALLOWING PLAINTIFF TO PRESENT HER EVIDENCE PROVING DEFENDANT RENTED THE PROPERTY WITHOUT A CERTIFICATE OF OCCUPANCY. ALSO TO PROVE DEFENDANT SHUT OUR POWER OFF BY REMOVING THE CARTRIDGE FUSE.

POINT V

THE [JUDGE] ERRED IN NOT ALLOWING PLAINTIFF TO PRESENT HER EVIDENCE TO PROVE PLAINTIFF[']S SECURITY DEPOSIT IS RIGHTFULLY HER SECURITY DEPOSIT.

We conclude that plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

A motion for reconsideration is committed to the sound discretion of the judge, which should be "'exercised in the interest of justice.'" Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Reconsideration is appropriate only when a court has rendered a decision "'based upon a palpably incorrect or irrational basis,'" or failed to consider or "'appreciate the significance of probative, competent evidence[.]'" Ibid. (quoting D'Atria, 242 N.J. Super. at 401). This court reviews the denial of a motion for reconsideration to determine whether the judge abused his discretionary authority. Id. at 389. This court "may only disturb the decision below if it finds error which is 'clearly capable of producing an unjust result.'" Casino Reinvestment Dev. Auth. v. Teller, 384 N.J. Super. 408, 413 (App. Div. 2006) (quoting R. 2:10-2).

"A settlement agreement between parties to a lawsuit is a contract." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). "Since the settlement of litigation ranks high in our public policy, settlement agreements will be honored absent a demonstration of fraud or other compelling circumstances." Cumberland Farms,

4                                                                    A-3471-18T2

Inc. v. N.J. Dep't. of Envtl. Prot., 447 N.J. Super. 423, 438 (App. Div. 2016) (internal quotation marks and citations omitted). A contract is formed when there is a meeting of the minds between the parties. Id. at 439; see also Morton v. 4 Orchard Land Tr., 180 N.J. 118, 129-30 (2004). It is only when the parties agree on the essential terms and agree to be bound by those terms, that there is an enforceable contract. Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992). "A settlement agreement, reached in mediation, which is incorporated into an executed, signed written agreement is enforceable." Minkowitz v. Israeli, 433 N.J. Super. 111, 139-40 (App. Div. 2013).

Here, the parties settled the dispute in April 2018. In November 2018, the judge enforced the settlement, and then refused to vacate that enforcement in January 2019. In entering the March 5, 2019 order denying reconsideration, the judge did not abuse his discretion by concluding the parties settled the entire matter.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3471-18T2